# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRYAN BATES,

      Petitioner,

    v.

CHARLOTTE JENKINS, WARDEN,
CHILLICOTHE CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:17-CV-00973
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### I.    BACKGROUND

Petitioner challenges his April 2008 convictions after a jury trial in the Guernsey County Court of Common Pleas. The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On June 29, 2007, appellant was indicted on twelve counts of pandering sexually oriented material involving a minor in violation of R.C. 2907.322(A)(1) and thirty counts of illegal use of a minor in nudity oriented material or performance in violation of R.C. 2907.323(A)(3). The charges arose after an international investigation involving the United States and Canada into child pornography on the Internet.

A jury found appellant guilty as charged and, by judgment entry of sentence filed April 18, 2008, the trial court sentenced appellant to an aggregate term of thirteen years in prison and classified him as a Tier II sex offender pursuant to R.C. 2950, also known as the Adam Walsh Act ("AWA").

Appellant filed a direct appeal of his convictions. In his direct appeal, appellant challenged the denial of his motion to suppress testimony of appellee's expert in computer forensics and raised the issues of ineffective assistance of counsel, manifest weight, and sufficiency of the evidence. This Court affirmed appellant's convictions in *State v. Bates*, 5th Dist. No. 08CA15, 2009–Ohio–275 (*Bates I*).

Appellant next appealed the trial court's decisions regarding a motion to correct sentence, motion to correct amended judgment entry, a second motion to correct sentence, a motion for reconsideration of an allied offense issue, and motion for hearing to correct the sentence. We addressed his arguments collectively in *State v. Bates*, 5th Dist. Nos. 11–CA–000016, 11–CA000026, and 11–CA–000033, 2012–Ohio–1080 (*Bates II*). In *Bates II*, this Court affirmed all of the trial court's judgments and noted that some of the errors appellant raised were *res judicata* because appellant could have raised the arguments in his direct appeal. However, we addressed appellant's assignments of error regarding his sentence, finding that the judgment entries complied with Criminal Rule 32(C) and *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163 (2008).

While *Bates II* was pending, appellant filed a motion for reconsideration and to correct sentence, another motion to correct sentence, and a petition to vacate or set aside the judgment or conviction or sentence.

In *State v. Bates*, 5th Dist. Nos.2012–CA–06, 2012–CA–10, 2012–Ohio–4360 (*Bates III)*, we affirmed the trial court's rulings and found appellant's petition for post-conviction relief was not filed within the statutory time limitation and contained no showing the exception to the time limitation applied.

In April of 2012, appellant filed a motion to vacate and correct his sentence based upon the Ohio Supreme Court's decision in *State v. Williams,* 129 Ohio St.3d 344, 952 N.E.2d 1108 (2011), which held that defendants whose crimes were committed prior to the AWA's enactment should have been classified according to the statutory scheme in place at the time they committed their crimes,

even if they were sentenced after the enactment of the AWA. The State of Ohio agreed with appellant that the AWA, as codified in R.C. 2950, was improperly applied to appellant when he was sentenced and that appellant should be classified pursuant to the version of R.C. 2950 in effect at the time appellant committed the offenses, also known as Megan's Law. Appellant filed a second motion to vacate and correct his sentence on May 1, 2012.

The trial court initially set appellant's motions for hearing on October 1, 2012. On August 23, 2012, the trial court granted appellant's motion for standby counsel. On August 27, 2012, appellant filed a motion for court appointed forensic expert for the sex offender classification hearing, stating this expert would provide a meaningful review and comprehensive analysis of the alleged computer evidence in question. Appellant also filed a motion for court appointed psychologist to assist in determining the recidivism factors in his case. Further, appellant filed subpoenas for multiple individuals who testified during his original trial to appear for the sex offender classification hearing.

Based on the pendency of the *Bates III* appeal, the trial court continued the hearing scheduled for October 1, 2012.

A number of motions filed by appellant and appellee culminated in a sexual-offender classification hearing on March 1, 2013, resulting in two judgment entries: 1) a judgment entry finding appellant to be a sexually-oriented offender, notifying him of his duty to register and detailing registration requirements upon release from prison, stating the length of appellant's registration requirement and including penalties for failure to register; and 2) a judgment entry stating the trial court found appellant not to be a sexual predator for the purposes of sex offender registration. Appellant appealed those judgment entries in *State v. Bates*, 5th Dist. Guernsey No. 13–CA–9, 2013–Ohio–4768, appeal not allowed, 138 Ohio St.3d 1436, 2014–Ohio–889, 4 N.E.3d 1052 [*Bates IV*]. We affirmed the judgments of the trial court, finding: use of the word "resentencing" in the initial entry setting hearing did not vacate appellant's entire sentence; the trial court properly granted appellant's request by reclassifying him according to the statutorily-mandated sentencing scheme (*i.e.* Megan's Law) in place at the time his crimes were committed; the trial court did not err in failing to permit appellant to call witnesses at the classification hearing; the judgment entry of March 1, 2013 properly contained the notice requirements set forth in former R.C. 2950.03(B)(1); and appellant's remaining assignments of error were barred by *res judicata*. *See, Bates IV, supra*.

On May 12, 2016, appellant filed a motion to correct judgment entry of sentence which the trial court granted in part and denied in part by judgment entry dated June 29, 2016.

Appellant now appeals from the trial court's judgment entry of June 29, 2016 and raises two assignments of error:

ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEREAS, THE COURT AMENDED AND INCORPORATED TWO JUDGMENT ENTRIES WITH A VOID JUDGMENT."

"II. THE TRIAL COURT ERRED AS A MATTER OF LAW BY AMENDING A JUDGMENT ENTRY OF SENTENCE."

*State v. Bates*, No. 16CA13, 2017 WL 831310, at *1–2 (Ohio Ct. App. Jan. 30, 2017). On January 30, 2017, the appellate court overruled Petitioner's two assignments of error and affirmed the judgment of the trial court. *Id.* On July 5, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Bates*, 149 Ohio St.3d 1465 (Ohio 2017).

On November 3, 2017, Petitioner filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that he was denied due process and the right to appeal from the trial court's June 26, 2016 re-sentencing entry (claim one); that his convictions violate the Fourth Amendment because the search warrant contained false information not supported by oath or affirmation (claim two); that the evidence is constitutionally insufficient to sustain his convictions (claim three); that the trial court's failure to perform its required duty to determine if scientific evidence was based on a sound theory or scientific methodology severely prejudiced him (claim four); that he was convicted in violation of the Fifth and Fourteenth Amendments when the State presented scientific evidence without disclosing the methodology and test theories (claim five); that the trial court failed to properly instruct the jury on the required

4

lewdness standard of O.R.C. § 2907.323(A)(3) (claim six); that he was denied the effective assistance of trial counsel (claim seven); that he was convicted in violation of the Double Jeopardy Clause, due to multiple convictions for the same conduct (claim eight); and that the trial court unconstitutionally considered a victim impact statement to support imposition of consecutive terms of incarceration (claim nine).

## II. DISCUSSION

Notably, this is not Petitioner's first federal habeas corpus petition. On August 17, 2011, this Court dismissed his first § 2254 petition without prejudice as unexhausted. *Bates v. Knab*, No. 2:10-cv-420. On August 21, 2014, Petitioner filed a second § 2254 petition. The Court dismissed that action as barred by 28 U.S.C. § 2244(d)'s one-year statute of limitations. *Bates v. Warden, Chillicothe Corr. Inst.*, No. 2:14-cv-1325. Petitioner sought further review, but the United States Court of Appeals for the Sixth Circuit denied his application for a certificate of appealability. On October 3, 2016, the United States Supreme Court denied the petition for a writ of *certiorari*. "[W]hen [a] prior petition is dismissed on the ground that it is barred by the statute of limitations, the dismissal is an adjudication of the merits, and petitioner must obtain prior authorization from the court of appeals entitling him to file a subsequent petition for habeas corpus relief." *Grant v. Warden*, *Belmont Corr. Inst.*, No. 1:14-cv-878, 2017 WL 3503728, at *5 (S.D. Ohio July 24, 2017) (citing *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009); *Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003); *Staffney v. Booker*, No. 2:09cv14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (footnote omitted).

Although this is not his first petition, Petitioner contends that the trial court's June 29, 2016, issuance of a corrected judgment entry of sentence constitutes a new sentence. Petitioner

thus argues that he may properly challenge his conviction without first obtaining authorization for the filing of a successive petition pursuant from the Sixth Circuit Court of Appeals. *Petition* (Doc. 1-1, PageID# 6.) The undersigned disagrees.

Before a second or successive petition for a writ of habeas corpus can be filed in a district court, a petitioner must ask the appropriate circuit court of appeals to authorize the district court's consideration of the application. 28 U.S.C. § 2244(b)(3)(A). If a district court in the Sixth Circuit determines that a petition is a second or successive petition, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), the district court must transfer the petition to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Sixth Circuit, in turn, will authorize the filing of a second petition only if the petitioner establishes either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or if the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable fact finder would have found the applicant guilty. *Id.*

However, in certain "limited circumstances, a § 2254 petition is not considered 'second or successive' within the meaning of § 2244(b) even though the petitioner filed a previous habeas application." *Storey v. Vasbinder,* 657 F.3d 372, 376 (6th Cir. 2011).

> For example, a habeas petition is not considered "second or successive" under § 2244(b) when the claim has been raised in a prior petition, but dismissed as unripe, although other claims in the initial petition were decided on the merits. *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–46, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998). Even if the claim was not presented in an earlier petition, a subsequent petition raising the claim does not constitute a "successive" petition for purposes of § 2244(b) if the claim would have been dismissed as unripe in the initial petition. *Panetti,* 551 U.S. at 945, 127 S.Ct. 2842. Nor do the successive

6

> petition restrictions apply if the first petition was dismissed for lack of exhaustion. *Slack*, 529 U.S. at 478, 487, 120 S.Ct. 1595. The restrictions also do not apply if an intervening state court judgment (such as a resentencing) occurred after the first habeas petition was decided. *Magwood*, 561 U.S. at 335, 339, 130 S.Ct. 2788; *King v. Morgan*, 807 F.3d 154, 157 (6th Cir. 2015).

*In re Campbell*, No. 17-3855, -- F.3d --, 2017 WL 4800122, at *1 (6th Cir. Oct. 25, 2017).

As discussed, the Supreme Court has held that a habeas corpus petition is not successive where it is filed after the trial court conducts a re-sentencing hearing that results in the issuance of a new judgment. *Magwood*, 561 U.S. at 331–39 (2010). In *Magwood*, the petitioner had originally filed a § 2254 petition challenging his 1981 death sentence. "[T]he District Court upheld Magwood's conviction but vacated his sentence and conditionally granted the writ based on the trial court's failure to find statutory mitigating circumstances relating to Magwood's mental state." *Id*. at 326 (footnote omitted). The state trial court thereafter held a new sentencing hearing, again imposing death sentence. *Id*. Magwood filed a second petition under 28 U.S.C. § 2254, in which he alleged that he had not received fair notice that he could be sentenced to death and that he had been denied the effective assistance of counsel during the re-sentencing hearing. *Id*. at 328. Noting that the later sentencing hearing had resulted in a new judgment, the Supreme Court held that Magwood's second habeas corpus petition did not constitute a successive petition. *Id*. at 331.

Similarly, in *In re Stansell*, 828 F.3d 412 (6th Cir. 2016), the Sixth Circuit held that, even where a sentence has been vacated only partially (because it did not include a term of post-release control) and the state trial court re-sentenced the Petitioner for the limited purpose of imposing that term, that action resulted in a new or intervening judgment that permitted Stansell to raise challenges to his original conviction and his original sentence to a term of incarceration, as well as to his new term of post-release control. *Id*. at 416. "Final judgment in a criminal case

7

means sentence. The sentence is the judgment." *Id*. (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937); *Burton v. Stewart*, 549 U.S. 147, 156 (2007)). The Court noted that

> [b]efore his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life. After his resentencing, the judgment that kept Stansell "in custody" was a term of imprisonment ranging from twenty years to life plus five years of post-release control. *See Jones*, 371 U.S. at 238–43, 83 S.Ct. 373. Because a new custodial sentence means a new judgment for purposes of § 2254, Stansell's partial resentencing restarted the second or successive count.

*Id*. at 416-17. "When a court alters a sentence to include post-release control, it substantially and substantively changes the terms under which an individual is held 'in custody.' 28 U.S.C. § 2254(a), (b)(1). That means it has created a new judgment for purposes of the second or successive assessment." *Id*. at 417. Under such circumstances, a petitioner's numerically second petition does not constitute a successive petition within the meaning of 28 U.S.C. § 2244(b).

However, the Sixth Circuit clarified that, for example, the issuance of a *nunc pro tunc* entry to correct clerical errors that result in a discrepancy between the court's oral pronouncements and its paper records does not constitute a new judgment for purposes of this determination. "To hold otherwise would turn those requirements into a game of 'I Spy,' where the petitioner best able to catch the court's technical errors will earn himself a free pass (maybe many free passes) into federal court." *Id*. at 420 (citing *Marmolejos v. United States*, 789 F.3d 66, 70–72 (2d Cir. 2015); *May v. Kansas*, 562 F. App'x 644, 645–46 (10th Cir. 2014) (*per curiam*); *United States v. Cano*, 558 F. App'x 936, 941 n. 6 (11th Cir. 2014) (*per curiam*)).

The Sixth Circuit further limited its holding in *In re Stansell* and cautioned:

> [W]e do not imply that any change to a petitioner's sentence reopens the door to successive habeas filings; we hold only that a partial resentencing that results in the imposition of post-release control is the type of change that creates a new judgment for purposes of the second or successive bar. That is because this type

8

of change alters the sentence "pursuant to" which the petitioner is "in custody." 28 U.S.C. § 2254(a), (b)(1); *see Magwood*, 561 U.S. at 332, 130 S.Ct. 2788. We need not decide what happens if a state court alters the non-custodial aspects of the petitioner's sentence (by vacating a restitution obligation or imposing a fine, for example); or if it vacates the sentence on one of the petitioner's counts but continues to hold him in custody under the sentence imposed on another; or if, assuming that the same second or successive rules apply in the federal context, a court grants a motion to reduce an applicant's sentence due to a guidelines amendment or substantial assistance. Compare *Kramer v. United States,* 797 F.3d 493, 501–02 (7th Cir. 2015) (vacating conviction on one count of a multi-count indictment does not reset § 2255's second or successive count with respect to the other convictions and sentences), and *In re Lampton*, 667 F.3d 585, 588–90 (5th Cir. 2012) (same), with *Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012) (reaching the opposite result in a § 2254 case), and *Johnson v. United States*, 623 F.3d 41, 44–46 (2d Cir. 2010) (same, in the § 2255 context); *see also* 18 U.S.C. § 3582(b), (c) (permitting courts to "modify a term of imprisonment" in certain circumstances, including guidelines amendments and substantial assistance motions, but noting that the original "judgment of conviction ... constitutes a final judgment for all other purposes"); Fed. R. Crim. P. 35(b); *United States v. Jones*, 796 F.3d 483, 485–87 (5th Cir. 2015); *White v. United States*, 745 F.3d 834, 836–37 (7th Cir. 2014); *cf. Patterson v. Sec'y, Fla. Dep't of Corr.*, 812 F.3d 885, 887–92 (11th Cir. 2016) (§ 2254 habeas application was not second or successive where state court had vacated a portion of the petitioner's sentence but left the term of imprisonment intact); *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278–81 (11th Cir. 2014) (*per curiam*) (§ 2254 habeas application was not second or successive where state court had reduced the mandatory minimum prison term for petitioner's offense but had maintained the same overall term of imprisonment).

*Id*. at 419–20.

Here, the state appellate court made clear that the trial court issued the June 29, 2016 judgment entry in order to correct a clerical error, and it did not constitute a new judgment of sentence:

> Appellant argues the trial court erred in issuing the judgment entry of June 29, 2016 which corrects a clerical error, therefore voiding his entire sentence. We disagree.

9

In its entry of June 29, 2016, the trial court affirmed appellant's motion to correct sentence in part and overruled it in part. The relevant portion of the entry states:

\* \* \* \*.

The Court finds that the fourth paragraph of the first page of the Judgment Entry of Sentence [Pursuant to Civil Rule 60(A) ] filed August 26, 2011 should be, and hereby is, AMENDED as follows:

1) In accord with sex offender hearing held pursuant to "Megan's Law," the Court found Defendant to be a "Sexually–Oriented Offender" and notified him of his duties to report once each year for a period of 10 years.

2) The Court hereby incorporates herein by reference the "Judgment Entry Following Sexual Predator Hearing" and "Judgment Entry and Notice of Duties To Register As an Offender of Sexually–Oriented Offense"—both filed March 1, 2013.

\* \* \* \*.

(Emphasis and brackets in original). Judgment Entry, June 29, 2016.

The trial court therefore effectually removed the language in the August 26, 2011 entry referencing "Tier II of Chapter 2950." The judgment entry therefore brings appellant's Judgment Entry of Sentence into accord with our opinion in *Bates IV*, as noted *supra.*

"[C]ourts possess inherent authority to correct clerical errors in judgment entries so that the record speaks the truth." *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006–Ohio–5795, 856 N.E.2d 263, ¶ 19. The original judgment entry of sentence did not reflect the origin of the sex-offender classification as Megan's Law instead of Tier II of Chapter 2950. The entry appealed here corrected the record at appellant's request. *See, State v. Clark*, 5th Dist. Stark No. 2010CA0006, 2010–Ohio–4649, citing *State v. Harrison*, 12th Dist. Butler Nos. CA2009–10–272 and CA2010–01019, 2010–Ohio–2709; *State v. Mackey*, 5th Dist. Licking No. 10–CA–74, 2011–Ohio–2651.

We agree with appellee's citation to our decision in *State v. Haddix*, in which we observed "\* \* \* [appellant] has already received the benefit that he sought in his motion to resentence. We

10

> must be mindful of the " * * * elementary proposition of law that an appellant, in order to secure reversal of a judgment against him, must not only show some error but must also show that that error was prejudicial to him." *State v. Haddix*, 5th Dist. Stark No. 2012–CA–00218, 2013–Ohio–1974, ¶ 22, citing *Smith v. Flesher*, 12 Ohio St.2d 107, 233 N.E.2d 137(1967); *State v. Stanton*, 15 Ohio St.2d 215, 217, 239 N.E.2d 92, 94 (1968); *Wachovia Mtg. Corp. v. Aleshire*, 5th Dist. Licking No. 09 CA 4, 2009–Ohio–5097, ¶ 16. *See, also,* App.R. 12(D).
>
> Appellant's argument that his sentence is void is premised upon the same arguments he made in *Bates IV*. He now claims that because the trial court issued a corrective judgment entry at his request, which "amended" the sentence only to the extent that it demonstrates for the record that his sex offender classification arises from the version of R.C. 2950 in effect at the time he committed the offenses, *i.e.* "Megan's Law."
>
> In the instant case, however, appellant has already appealed multiple times and we found the sentence was not void but was valid. *Bates I* through *Bates IV, supra*. Appellant's latest round of arguments is thus barred not only by *res judicata* but also under the law of the case doctrine.

*State v. Bates*, 2017 WL 831310, at *3.

Thus, the trial court's June 29, 2016, judgment entry did nothing more than correct a clerical error. Under these circumstances, the amended judgment did not "alter[] the sentence 'pursuant to' which the petitioner is 'in custody'" or otherwise change the terms of Petitioner's sentence in any manner. *See In re Stansell*, 828 F.3d at 419 (quoting 28 U.S.C. § 2254(a), (b)(1) and citing *Magwood*, 561 U.S. at 332)). Consequently, the Court concludes that Petitioner's § 2254 petition is successive.

### III. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

Date: November 15, 2017                          /s/ Kimberly A. Jolson
                                                                       KIMBERLY A. JOLSON
                                                                       UNITED STATES MAGISTRATE JUDGE