IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRYAN BATES,

    Petitioner,

v.

CHARLOTTE JENKINS, WARDEN,
CHILLICOTHE CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:17-CV-00973
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

On November 15, 2017, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that this action be transferred to the United States Court of Appeals for the Sixth Circuit as successive. (Doc. 3.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (Doc. 4.) Petitioner again argues that, despite the appellate court's factual finding to the contrary, the trial court's June 29, 2016, re-sentencing entry did not merely correct a clerical error, but constitutes a new judgment of sentence so as to permit the filing of this action without prior authorization from the Court of Appeals for the filing of a successive petition.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that have already been well detailed in the Magistrate Judge's Report and Recommendation, this Court is not persuaded by Petitioner's argument. Petitioner's *Objection* (Doc. 4) is **OVERRULED**. The *Report and Recommendation* (Doc. 3) is **ADOPTED** and **AFFIRMED**. This action is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

1

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher,* —U.S.—. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's decision transferring the case to the Court of Appeals as a successive petition. Therefore, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED**.

12-5-2017

EDMUND A. SARGUS
Chief United States District Judge

2